UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH BEAVER-JACKSON,

    Plaintiff,

    v.

OCWEN FED BANK, *et al.*,

    Defendants.

CASE NO. C07-0990 RSM

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    This matter comes before the Court on plaintiff's Motion for Preliminary Injunction. (Dkt. #27). Plaintiff, appearing pro se, seeks to enjoin defendants from continuing to exercise control and custody over property that she claims is rightfully hers. Defendants respond that plaintiff has failed to make the requisite showing to justify a preliminary injunction. Plaintiff did not file a reply brief.

    Having reviewed plaintiff's motion, defendants' responses, and the remainder of the record, the Court hereby finds and ORDERS:

    (1) Plaintiff's Motion for Preliminary Injunction (Dkt. #27) is DENIED. In order to obtain a preliminary injunction, a party must demonstrate either: (1) probable success on the merits and the possibility of irreparable harm; or (2) that serious questions have been raised and the balance of hardships tips in their favor. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Each of these two prongs "requires an examination of both the potential merits of the asserted claims and the harm or hardships faced by the parties."

ORDER
PAGE - 1

*Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 965 (9th Cir. 2002). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* (citations omitted). Furthermore, a preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant carries the burden of persuasion by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

In the instant case, plaintiff has not met its burden of demonstrating the need for a preliminary injunction. Plaintiff only mentions the requirements for a preliminary injunction in her two-page motion, but does not present any facts, declarations, exhibits, affidavits, or any other objective proof to support her motion. As defendants suggest, plaintiff merely makes conclusory allegations that are factually unsupported. The Court will not grant such an extraordinary remedy under the circumstances.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se plaintiff at 3331 E. Marion Street, Seattle, WA 98122.

DATED this  13  day of November, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE