UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH BEAVER-JACKSON,

Plaintiff,

v.

OCWEN FED BANK, *et al.*,

Defendants.

CASE NO. C07-990RSM

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AND
GRANTING DEFENDANTS'
REQUEST TO STRIKE PLAINTIFF'S
NOTICE OF LIS PENDENS

## I.  INTRODUCTION

This matter comes before the Court on defendants Roosevelt and Carolyn Hubbard's ("defendants Hubbard") Motion to Dismiss (Dkt. #17).  Defendant Windermere Realty Estate/South, Inc. ("Windermere")[1] joins the Motion to Dismiss in its entirety.  (Dkt. #24). Defendants John Klein ("Klein"), Standard Trustee Service Company of Washington ("Standard Trustee"), and STD Corp. ("STD") join a portion of the Motion to Dismiss. (Dkts. #19 and #27).  Defendants argue that plaintiff fails to state claims for which relief could be granted pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).  Plaintiff Elizabeth Beaver-Jackson ("plaintiff"), appearing pro se, did not respond to defendants'

---

[1] Windermere Realty Estate/South, Inc. indicates it has erroneously been sued and identified as Windermere Realty Company.  (Dkt. #24 at 1).  For purposes of this Order, the Court will hereinafter refer to this defendant as "Windermere."

MEMORANDUM ORDER
PAGE - 1

1  motion in accordance with the Court's rules.  The Court, sensitive to plaintiff's pro se status,

2  directed plaintiff to respond.  Plaintiff subsequently submitted a declaration, reasserting facts

3  and arguments made in her original and amended complaints, and also filed a notice of lis

4  pendens.  Defendants Hubbard request that the Court strike the notice of lis pendens.

5     For the reasons set forth below, the Court GRANTS defendants' motion to dismiss,

6  and GRANTS defendants' request to strike plaintiff's notice of lis pendens.

7                    **II.  DISCUSSION**

8     **A.  Background**[2]

9     On or around September 10, 1997, plaintiff alleges that she obtained a loan from Pan

10 American Bank, FSB ("Pan American") in the amount of $165,000 to purchase a home in

11 Seattle, Washington.  (Dkt. #39, Decl. of Jackson, ¶ 2); (Dkt. #21, Plaintiff's Amended

12 Complaint ("PAC"), ¶ 4).  Plaintiff further alleges that on or about June 12, 1998, she

13 obtained a second loan from defendant STD in the amount of $210,000 to pay off the loan

14 with Pan American.  (Dkt. #39, Decl. of Jackson, ¶ 4).  Pursuant to the terms of this loan, a

15 Deed of Trust was executed on plaintiff's home, naming herself as grantor, defendant STD as

16 beneficiary, and defendant Standard Trustee as the trustee.  (Dkt. #21, PAC, ¶ 7).  Shortly

17 thereafter, plaintiff indicates that a second Deed of Trust was executed on her home, naming

18 herself as grantor, defendant Ocwen Loan Servicing, LLC ("Ocwen")[3] as beneficiary, and

19 defendant Wells Fargo Bank, N.A. ("Wells Fargo")[4] as the trustee.  (*Id.*).  Plaintiff alleges that

20

21     [2] The Court notes that the documents submitted by plaintiff (Dkts. #1, #21, #39, #43) are full of

22 factual inconsistencies.  Accordingly, the Court shall restate the facts based primarily on plaintiff's
   amended complaint (Dkt. #21), and supplements any inconsistencies in the light most favorable to plaintiff.

23

24     [3] Ocwen Loan Servicing, LLC indicates that it has erroneously been sued and identified by plaintiff

25 as Ocwen Fed Bank, FSB aka AMRESCO Residential Mortgage Corporation.  (Dkt. #26 at 2).  For
   purposes of this Order, the Court will hereinafter refer to this defendant as "Ocwen."

26

27     [4] Wells Fargo, N.A., also indicates that it has erroneously been sued and identified by plaintiff as
   Wells Fargo aka Wells Fargo Bank Minnesota, N.A.  (Dkt. #26 at 2).  For purposes of this Order, the
   Court will hereinafter refer to this defendant as "Wells Fargo."

28

MEMORANDUM ORDER
PAGE - 2

1   "[i]t appears that [defendant Wells Fargo] paid off defendant STD [] and held sole interest in

2   [my] real property." (*Id.*).

3          Nearly three years later, on May 21, 2001, defendant Wells Fargo declared that

4   plaintiff was in default of her loan. (*Id.* at ¶ 9). Defendant Wells Fargo then brought an

5   unlawful detainer action in King County Superior Court, seeking to evict plaintiff from her

6   home. (*Id.* at ¶ 15). Defendant Wells Fargo argued that plaintiff had been in default of her

7   loan since November 29, 1999, and had notified plaintiff of her default through a letter

8   provided by defendant Klein, an attorney for defendant Wells Fargo. (*Id.* at ¶ 9); (Dkt. #39,

9   Decl. of Jackson, ¶ 7, Ex. Q). Plaintiff contends that she never received such notice, and that

10  the document from defendant Klein notifying plaintiff of her default was never brought to her

11  attention until the commencement of the unlawful detainer action. (*Id.*). Nevertheless,

12  judgment was entered in favor of defendant Wells Fargo in King County Superior Court.

13  (Dkt. #21, PAC, ¶ 15). Following this proceeding, defendant Wells Fargo assumed ownership

14  over plaintiff's home, and subsequently resold the home to defendant Roosevelt Hubbard,

15  who was an agent for defendant Windermere. (*Id.* at ¶¶ 10, 11); (Dkt. #24).

16         Based on these events, plaintiff brought the instant action in this Court, essentially

17  arguing that all of the lenders and individuals involved in the series of events described above

18  engaged in misconduct which ultimately resulted in plaintiff being wrongfully evicted from her

19  home. Furthermore, plaintiff argues that any reasonable investigation performed by any of the

20  defendants would have shown that plaintiff rightfully owned her home. As a result, plaintiff

21  brings several claims against the defendants. Her amended complaint provides in pertinent

22  part:

23         This action is for Declaratory and Injunctive Relief, Breach of Contract, Breach of
           Fiduciary Duty, Self Dealing of a Trustee, Civil Rights violation[s] pursuant to 42
24         U.S.C. §§ 1981-1983, 1988, Breach of Covenant of Good Faith and Fair Dealing and
           Damages.
25
26  (Dkt. #21, PAC, ¶ 1).

27         Defendants Hubbard and defendant Windermere now move to dismiss all of plaintiff's

28  claims against them in their entirety with prejudice. Defendants Klein, Standard Trustee, and

MEMORANDUM ORDER
PAGE - 3

1    STD also seek dismissal of the Civil Rights claims asserted against them by plaintiff.

2         **B.  Plaintiff's Supplemental Reply**

3         As an initial matter, the Court addresses a supplemental reply filed by plaintiff.  (Dkt.

4    #43).  As noted above, plaintiff did not initially respond to defendants' motion to dismiss, and

5    the Court permitted plaintiff to respond in accordance with this Court's rules given her pro se

6    status.  The Court also allowed defendants to submit an additional reply to plaintiff's

7    response.  Following a reply by defendants Hubbard, plaintiff filed an additional supplemental

8    reply.  This pleading, however, does not comply with this Court's rules. Pursuant to Local

9    Rule GR 7(g), a surreply may only be filed when a party seeks to strike material contained in a

10   reply brief.  Furthermore, before a party files a surreply, it must: (1) notify all parties and the

11   assigned judge's chambers as soon after receiving the reply brief as practicable that a surreply

12   will be filed; (2) file the surreply within five judicial days of the filing of the reply brief; and (3)

13   limit its reply to less than three pages.  *See* Local Rule GR 7(g)(1-3).  Here, plaintiff never

14   obtained permission to file such a reply.  Additionally, the docket clearly indicates that plaintiff

15   filed her supplemental reply well after the five-day limit imposed by Local Rule GR 7(g)(2).

16   Lastly, plaintiff's briefing, which is ten pages in length, exceeds the three-page limit

17   established by Local Rule GR 7(g)(3).  Accordingly, this pleading shall be stricken.  The

18   Court also notes that it has previously referred plaintiff to this Court's rules by its Order

19   directing plaintiff to respond to defendants' motion to dismiss.  (Dkt. #37).  Therefore the

20   Court finds it unwarranted to relax the rules once again.

21        **C.  Standard of Review Under Fed. R. Civ. P. 12(b)(6)**

22        Under Fed. R. Civ. P. 12(b)(6), the Court must dismiss a complaint if a plaintiff can

23   prove no set of facts in support of her claim which would entitle her to relief.  *Van Buskirk v.*

24   *Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden State*

25   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242,1245 (9th

26   Cir. 1989).  In deciding a motion to dismiss, the Court accepts as true all material allegations

27   in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v.*

28   *Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro.*

MEMORANDUM ORDER
PAGE - 4

1    *Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  However, conclusory allegations of law

2    and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Associated Gen.*

3    *Contractors*, 159 F.3d at 1181.  When a complaint is dismissed for failure to state a claim,

4    "leave to amend should be granted unless the court determines that the allegation of other

5    facts consistent with the challenged pleading could not possibly cure the deficiency."

6    *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

7    **D.  Plaintiff's Civil Rights Claims**

8    In order to assert a civil rights claim, it is well established that a plaintiff must show

9    that a defendant acted with an intent to discriminate.  *See generally* 42 U.S.C. §§ 1981-1983,

10   1988.  Moreover, at the most fundamental level, a plaintiff must show some semblance of

11   racially motivated behavior by the defendant.  *See, e.g., Domino's Pizza, Inc. v. McDonald*,

12   546 U.S. 470, 480, 126 S.Ct. 1246 (2006) (finding that a section 1981 plaintiff must identify

13   injuries flowing from racially motivated conduct).

14   In this case, plaintiff does not allege a single fact that shows that any of the defendants

15   acted with any discriminatory intent or racial animus based on plaintiff's race.  In fact, the only

16   time plaintiff even mentions race is to assert that she is a member of a protected class as an

17   African-American, and that the defendants have "acted under the color of state statute, more

18   commonly known as the Deed of Trust Act." (Dkt. #21, PAC, ¶ 3).[5]  Such pleading is simply

19   insufficient to survive a Rule 12(b)(6) motion.  As a result, plaintiff's Civil Rights claims with

20   respect to all of the defendants shall be dismissed with prejudice.   **E.  Plaintiff's**

21   **Remaining Claims**

22   Plaintiff also asserts a myriad of other claims against defendants Hubbard and

23   defendant Windermere, including breach of contract, breach of fiduciary duty, self-dealing of a

24   trustee, and the breach of the covenant of good faith and fair dealing.  (Dkt. #21, PAC, ¶ 1).

25   However, plaintiff simply fails to establish any facts that either defendants Hubbard or

26   _____

27   [5] Notably, plaintiff does not offer any citation or explanation directing the Court how the "Deed of Trust Act" supports a Civil Rights claim.

28

MEMORANDUM ORDER
PAGE - 5

defendant Windermere owed any fiduciary duty to plaintiff.  Nor can plaintiff establish any

inkling of a contractual relationship.  Defendant Roosevelt Hubbard, as an agent for defendant

Windermere, purchased plaintiff's former home at a foreclosure sale.  Indeed, as defendants

Hubbard correctly point out, the facts submitted by plaintiff establish that defendants Hubbard

were bona-fide purchasers.  For example, plaintiff's amended complaint provides:

> On a date unknown to plaintiff at this time [defendant Wells Fargo] offered defendants [Windermere] and Hubbard that if they [purchased] plaintiff's property they would finance the loan to buy the property, [and convey] property right[s] to [defendants Hubbard], investor for [defendant Windermere].

(Dkt. #21, PAC, ¶ 11).

Moreover, any doubts regarding the foreclosure have already been resolved.  As stated

in plaintiff's own amended complaint, the dispute over the initial default was adjudicated in

King County Superior Court in an unlawful detainer action brought by defendant Wells Fargo.

Plaintiff indicates that "through some unknown court error [defendant Wells Fargo], though

not present, received a judgment in their favor[.]"  (Dkt. #21, PAC, ¶ 15).  Plaintiff further

contends that it "was proven that defendant Ocwen's accounting error had caused the

premature foreclosure and that is all undisputed."  (Dkt. #39, Decl. of Jackson, ¶ 9).  Despite

such claims, no support is offered for this statement, nor is the record of the unlawful detainer

action provided to this Court.[6]  In addition, the misconduct which plaintiff alleges in this case

pre-date defendants Hubbard and defendant Windermere's involvement with this case.

Plaintiff's allegation that she was paying two mortgages at once prior to the foreclosure on

her home does not establish any relationship, much less a contractual one, between plaintiff

and defendants Hubbard and defendant Windermere.

While a plaintiff is certainly allowed to assert as many claims as she may have against

an opposing party, *see* Fed. R. Civ. P. 18(a), she must plead facts that give rise to those

claims.  Otherwise, such claims are merely conclusory in nature.  Here, plaintiff does not

---

[6] Plaintiff indicates that the record "is not included at this time as a prohibitive cost due to a lack of coordination of Superior Court Clerk's Office and the Ex Parte department of the Superior Court of Washington."  (*Id.*).

MEMORANDUM ORDER
PAGE - 6

1    allege any facts whatsoever to support any cognizable legal cause of action against defendants

2    Hubbard or defendant Windermere.  While leave to amend a complaint is generally granted,

3    plaintiff has already amended her complaint once in this case, and the defects in her complaint

4    cannot be cured.  Therefore, under these circumstances, plaintiff's remaining claims against

5    these defendants shall be dismissed with prejudice.

6            **F.  Notice of Lis Pendens**

7            A lis pendens serves to alert subsequent purchasers or secured parties of a potential

8    senior security interest in the title or ownership of real property pending a possible judgment

9    against that real property.  *Feiler v. U.S.*, 62 F.3d 315, 319 (9th Cir. 1995).  *"There must be*

10   *some basis* for concluding that an equitable lien or constructive trust would be imposed on the

11   real property subject to the notice of lis pendens."  *Chevron U.S.A. Inc. v. Schirmer*, 11 F.3d

12   1473, 1479 (9th Cir. 1993) (emphasis in original).  A lis pendens is groundless where the

13   underlying action affecting title to real property "has no arguable basis or is not supported by

14   credible evidence."  *Id.* (citation omitted).

15          Here, and as previously discussed, defendants Hubbard have title over the at-issue

16   property following a bona-fide purchase at a foreclosure sale.  And by plaintiff's own

17   submission, the foreclosure sale followed an unlawful detainer action in King County Superior

18   Court which plaintiff lost.  Therefore there is neither an arguable basis nor credible evidence

19   for plaintiff's notice of lis pendens.

20                              **III.  CONCLUSION**

21          Having reviewed the relevant documents, and the remainder of the record, the Court

22   hereby finds and orders:

23          (1)  Defendants Roosevelt and Carolyn Hubbard's Motion to Dismiss (Dkt. #17), in

24   which defendant Windermere Realty Estate/South, Inc. (Dkt. #24) joins in its entirety, and in

25   which defendant John Klein (Dkt. #19), and defendants Standard Trustee Service Company of

26   Washington and STD Corporation (Dkt. #27), join partially, is GRANTED.  Specifically,

27   plaintiff's claims with respect to defendants Roosevelt and Carolyn Hubbard, and defendant

28   Windermere Realty Estate/South, Inc. shall be dismissed with prejudice.  Plaintiff's Civil

MEMORANDUM ORDER
PAGE - 7

Rights claims against defendants John Klein, Standard Trustee Service Company of Washington, and STD Corporation shall also be dismissed with prejudice.

This Order does not dismiss the case as all other claims alleged by plaintiff against defendants John Klein, Standard Trustee Service Company of Washington, and STD Corporation and the remaining claims are pending before the Court.  In addition, all of plaintiff's claims against defendants Wells Fargo and Ocwen Loan Servicing, LLC, remain pending before the Court.

(2)  Defendants Roosevelt and Carolyn Hubbard's supplemental request to strike plaintiff's Notice of Lis Pendens is GRANTED.  The Clerk is directed to strike plaintiff's notice (Dkt. #40) from the record.

(3)  The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se plaintiff at 3331 E. Marion Street, Seattle, WA 98122.

DATED this 1st  day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER
PAGE - 8