UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH BEAVER-JACKSON,

    Plaintiff,

    v.

STANDARD TRUSTEE COMPANY OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. C07-990RSM

ORDER DISMISSING CASE

## **I. INTRODUCTION**

This matter comes before the Court on Defendants Standard Trustee Company of Washington's and STD Corp.'s Motion for Summary Judgment (Dkt. #58), Defendant John W. Klein's Motion for Summary Judgment (Dkt. #64), and Defendants Wells Fargo Bank's and Ocwen Loan Servicing's Motion to Dismiss (Dkt. #67). Defendants argue that Plaintiff's claims should be dismissed because Plaintiff has waived her opportunity to object to the underlying foreclosure proceedings that form the basis of the instant lawsuit. Alternatively, Defendants argue that Plaintiff's claims are barred by the statute of limitations, collateral estoppel, or are otherwise plagued with substantive deficiencies that justify dismissal. Plaintiff, appearing *pro se*, responds that Defendants misconstrue the facts and that Defendants are engaged in a conspiracy to defraud her.

For the reasons set forth below, the Court GRANTS Defendants' motions.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

Plaintiff Elizabeth Beaver-Jackson brought the instant lawsuit in June of 2007 against several Defendants based on the alleged wrongful foreclosure of her home in 2001. The Defendants in this action are individuals or lenders who Plaintiff claims were responsible for the wrongful foreclosure. In sum, Plaintiff contends that she never defaulted on a mortgage and that the entire foreclosure proceeding was unlawful, including the initial trustee sale that preceded the foreclosure of her property. Before responding to the complaint, several Defendants moved to dismiss Plaintiff's claims against them, and the Court granted the motions on February 1, 2008.[1] (Dkt. # 54). The remaining Defendants subsequently brought dispositive motions to dismiss Plaintiff's claims shortly thereafter. Defendants Wells Fargo Bank ("Wells Fargo") and Ocwen Loan Servicing, LLC ("Ocwen")[2] moved for dismissal under Fed. R. Civ. P. 12(b)(6) because they had not yet responded to Plaintiff's complaint. The remaining Defendants, having answered Plaintiff's complaint, moved for summary judgment. Rather than responding to the motions, Plaintiff requested to stay the case on two separate occasions based on an illness that impaired her cognitive functions at the time. The Court granted the motions, and directed Plaintiff to respond to Defendants' motions by September 29, 2008. (Dkt. #74). The Court also renoted Defendants' motions for October 3, 2008. (*Id.*). Plaintiff responded as directed and Defendants' motions are now ripe for review.

### B. Plaintiff's Supplemental Reply

As an initial matter, the Court addresses a surreply filed by Plaintiff on October 21, 2008. (Dkt. #80). Pursuant to Local Rule CR 7(g), a party may only file a surreply to strike material contained in a reply brief. Before a party files a surreply, it must: (1) notify all parties

---

[1] The Court previously discussed the specific facts that gave rise to Plaintiff's lawsuit in this Order. Accordingly, the Court finds it unnecessary to repeat those facts here, choosing instead to highlight the relevant facts when necessary in the analysis below.

[2] Notably, Wells Fargo and Ocwen Loan Servicing, LLC previously indicated to the Court that they had erroneously been identified by Plaintiff as Wells Fargo Bank Minnesota and Ocwen Fed Bank, FSB aka AMRESCO Residential Mortgage Corporation. (Dkt. #26 at 2).

ORDER
PAGE - 2

and the assigned judge's chambers as soon after receiving the reply brief as practicable that a surreply will be filed; (2) file the surreply within five judicial days of the filing of the reply brief; and (3) limit its surreply to less than three pages. *See* Local Rule CR 7(g)(1-3). Here, Plaintiff's surreply was procedurally improper because she never obtained permission to file such a reply, she filed her supplemental reply well after the five-day limit imposed by Local Rule CR 7(g)(2), and she went well beyond the three page limit by filing a 63-page surreply. Significantly, the Court notes that it has previously referred Plaintiff to this Court's rules on two separate occasions. (*See* Dkts. #37 and #54). In the latter situation, the Court *specifically* discussed the rules regarding a proper surreply. Nevertheless, Plaintiff did not adhere to the Court's specific instructions. Therefore, Plaintiffs' surreply shall be stricken.

**C. Standards of Review**

Under Fed. R. Civ. P. 12(b)(6), the Court must dismiss a complaint if a plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181. When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Meanwhile, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

(1986). Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Id*. at 248. Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

### D. Plaintiff's Claims are Improper

Under RCW 61.24.130(1), a borrower is entitled to challenge a foreclosure proceeding on any proper legal or equitable ground. In other words, this statute delineates the specific procedure by which an individual can stop a trustee's sale so that an action contesting default can take place. *Plein v. Lackey,* 149 Wash. 2d 214, 225, 67 P.3d 1061 (2003). The Washington State Supreme Court has made clear that this statutory remedy is exclusive. *See Cox v. Helenius*, 103 Wash.2d 383, 388, 693 P.2d 683 (1985) ("RCW 61.24.130 sets for the *only* means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure.") (emphasis added). The failure to take advantage of this statutory remedy constitutes a waiver of the right to contest the underlying foreclosure proceeding. *Plein*, 149 Wash. 2d at 227; *CHD, Inc. v. Boyles*, 138 Wash.App. 131, 134, 157 P.3d 415 (2007). Waiver specifically results when a party (1) receives notice of the right to enjoin the sale, (2) has actual or constructive knowledge of a defense to foreclosure before the sale, and (3) fails to bring an action to obtain a court order enjoining the sale. *Plein*, 149 Wash.2d at 227. Generally, "[t]he statutory notices of foreclosure and trustee's sale will usually be sufficient" to provide notice. *Country Express Stores, Inc. v. Sims*, 87 Wash.App. 741, 751, 943 P.2d 374 (1997) (citations omitted).

In the instant case, any doubts regarding the underlying foreclosure that form the basis of Plaintiff's instant lawsuit have been resolved. The record unequivocally demonstrates that Defendant Wells Fargo initiated an unlawful detainer proceeding against Plaintiff to enforce its rights in King County Superior Court on July 27, 2001.[3] (Dkt. #65, Decl. of Ambrosia-Walt,

---

[3] The sole purpose of an unlawful detainer action is to determine the right of possession. *See First Union Management, Inc. v. Slack*, 36 Wash. App. 849, 854 (1984) (citations omitted).

ORDER
PAGE - 4

Ex. 5). It is undisputed that the court found in favor of Defendant Wells Fargo on October 9, 2001, and entered an Order for Writ of Restitution in favor of Defendant Wells Fargo. (Decl. of Ambrosia-Walt, Ex. 9). The court evicted Plaintiff from the property, and a judgment was entered against Plaintiff. (*Id*., Ex. 10). Plaintiff subsequently moved to stay the Writ on two separate occasions, but her motions were denied by King County Superior Court on November 2 and November 5 of 2001. (*Id*., Exs. 11-13).

Nevertheless, Plaintiff maintains that the underlying foreclosure proceeding was tainted. She specifically claims she never received notice of either the trustee sale or the unlawful detainer action, and therefore was not present to dispute her claims in court. However, her claims are baseless and unsupported by the evidence submitted by the Defendants. The record clearly indicates that Plaintiff had notice of the trustee's sale as evidenced by her own personal signature acknowledging receipt of the trustee's sale. (*Id.*, Ex. 4, Attachment D). In addition, Defendant Wells Fargo clearly served Plaintiff with a summons and complaint on July 27, 2001, and Plaintiff responded to the complaint by filing an answer on August 29, 2001. (*Id.*, Ex. 6). Therefore the evidence overwhelmingly indicates that Plaintiff had actual notice of all the proceedings that were initiated against her.

The claims Plaintiff now brings in this Court all stem from this underlying foreclosure proceeding, and they are similar to the allegations she made in the unlawful detainer action. For example, when responding to Defendant Wells Fargo's complaint, Plaintiff claimed that "the trustee sale of said property was in fact unlawful." (Decl. of Ambrosia-Walt, Ex. 6). Similarly, each claim that Plaintiff makes in her amended complaint is based on her allegations that she did not default on the loan and that Defendants initiated a false foreclosure proceeding against her. (Dkt. #21, Pl.'s Amended Compl., ¶¶ 6-16). Consequently, it is clear that all her claims against the Defendants in this case arise from her allegations that the underlying foreclosure proceedings were unlawful. But as clearly established above, Plaintiff received actual notice of these proceedings, and she failed to challenge the proceedings in accordance with the exclusive statutory remedy provided by RCW 61.24.130. She therefore waived the right to object to this process, and she cannot now allege in this Court that those proceedings were unlawful.

ORDER
PAGE - 5

To the extent that there is any doubt that RCW 61.24.130 and its corresponding case law preclude Plaintiff's claims in this Court, the Court finds that the doctrine of collateral estoppel also operates to dismiss Plaintiff's claims. In order for collateral estoppel to apply, (1) the issues decided in the prior adjudication must be identical to the one presented in the present action, (2) there must be a final judgment on the merits, (3) the party against whom the collateral estoppel is asserted against must have been a party or in privity to that party in the prior adjudication, and (4) no injustice will result by applying the doctrine. *See McDaniels v. Carlson*, 108 Wash. 2d 299, 303 (1987) (citations omitted). "Collateral estoppel promotes the policy of ending disputes by preventing the relitigation of an issue or determinative fact after the party estopped has had a full and fair opportunity to present a case." *Id.* (citations omitted).

Here, the issues Plaintiff brings in this Court are identical to the defenses she raised in the underlying proceeding. In addition, there was clearly a final judgment on the merits, Plaintiff was a party to that proceeding, and the application of this doctrine would certainly not result in any injustice to Plaintiff. In fact, the opposite is true, as the application of this doctrine will place a conclusive end to Plaintiff's baseless allegations. It is indeed unjust and unfair that the Defendants have to respond to these complaints nearly six years after the fact. The underlying proceedings ultimately found that the sale and foreclosure of Plaintiff's property were valid, and a final judgment was entered against Plaintiff.

In sum, outside of Plaintiff's naked allegations that Defendants misconstrue the facts, she offers no case law or any objective evidence to rebut the arguments raised by the Defendants. Under such circumstances, all of Plaintiff's claims lack merit and the Court shall grant Defendants' motions. And with respect to Defendant Wells Fargo's and Defendant Ocwen Loan Servicing's motion to dismiss, leave to amend shall not be granted as Plaintiff has already amended her complaint once. In any event, courts should not grant leave to amend if they determine "that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber*, 806 F.2d at 1401. Here, there are no facts that Plaintiff could allege that could change the outcome of the underlying foreclosure proceeding.

**E. Defendants' Remaining Arguments**

ORDER
PAGE - 6

Because the Court concludes that dismissal of Plaintiff's claims are warranted for the reasons set forth above, the Court finds it unnecessary to discuss the parties' remaining arguments.

### III. CONCLUSION

Having reviewed the relevant documents, and the remainder of the record, the Court hereby finds and orders:

(1) Defendants Standard Trustee Company of Washington's and STD Corp.'s Motion for Summary Judgment (Dkt. #58), Defendant John W. Klein's Motion for Summary Judgment (Dkt. #64), and Defendants Wells Fargo Bank's and Ocwen Loan Servicing's Motion to Dismiss (Dkt. #67) are GRANTED. This case is dismissed with prejudice.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se plaintiff at 3331 E. Marion Street, Seattle, WA 98122.

DATED this 1 day of December, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE